Ray D. Hacke, OSB #173647
PACIFIC JUSTICE INSTITUTE
317 Court St. NE, Ste. 202
Salem, OR 97301
Phone: (503) 917-4409
Fax: (916) 857-6902
E-mail: rhacke@pji.org

Attorneys for Plaintiff
JOY R. KILISHEK

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOY R. KILISHEK, An Individual,<br><br>               Plaintiff,<br><br>v.<br><br>ALLCARE HEALTH, INC., A Public Benefit Corporation,<br><br>               Defendant | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR RELIGIOUS AND DISABILITY DISCRIMINATION I[42 U.S.C. §§ 2000e-2 and 12112 et seq., and OR. REV. STATS. §§ 659A.030(1)(a) and 659A.112(1)]**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff JOY R. KILISHEK hereby alleges as follows:

## PARTIES

1.     Plaintiff, at all times relevant herein, was an employee of Defendant ALLCARE HEALTH, INC. ("ALLCARE") from 2016 through January 6, 2022.

2.     Plaintiff is also, and at all times herein was, a practicing Christian who, as permitted under Or. Admin. R. 333-019-1010(3)-(5)(a), sought from ALLCARE religious and medical exceptions from Oregon's mandate that all

healthcare workers in the state be vaccinated against COVID-19 (the "Vaccine Mandate" or the "Mandate"). Not only did ALLCARE deny Plaintiff the religious and medical exceptions she sought, ALLCARE fired her on January 6, 2022 for declining to receive a COVID-19 vaccine on religious and medical grounds.

3.    Defendant ALLCARE is, and at all times herein was, a non-profit public benefit corporation headquartered in southern Oregon in the County of Josephine. *See* Attached **Exhibit "A"** [a true and accurate copy of ALLCARE's proof of registration from the Oregon Secretary of State's website]. ALLCARE operates hospitals and healthcare clinics throughout southern Oregon and is, and at all times herein was, an employer within the definition of 42 U.S.C. § 2000e(b).

## JURISDICTION

4.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

5.    This Court has jurisdiction over Defendant ALLCARE pursuant to 28 U.S.C. § 1331 because Plaintiff's action arises under the laws of the United States.

6.    This Court has supplemental jurisdiction over the state law claim(s) asserted herein pursuant to 28 U.S.C. § 1367(a) in that such claims are related to and form part of the same case and controversy as Plaintiff's federal claims.

## VENUE

7.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

8.    Venue is proper in the Court's Medford Division because ALLCARE is headquartered in Josephine County, the events giving rise to this Complaint occurred in Josephine County, and all agents, employees, or other persons working for, or in concert with, Defendant ALLCARE with regard to the events giving rise to this case are located in, employed in, and/or residents of Josephine County.

## GENERAL ALLEGATIONS

9.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

10.    In August 2021, approximately 18 months after the first-known cases of COVID-19 were discovered in Oregon, the Oregon Health Authority ("OHA"), pursuant to an executive order issued by Oregon's then-governor, Kate Brown, sought to limit the spread of COVID-19 in the state's healthcare facilities by issuing the since-repealed Vaccine Mandate, which required healthcare workers statewide to be vaccinated against COVID-19 by October 18, 2021.[1]  *See* Or. Admin. R. 333-019-1010(1).  However, the OHA's Mandate allowed healthcare workers to seek, and the healthcare providers who employed them to grant, exemptions from the vaccination requirement.  *Id.*, subsections (3)-(4).

11.    The OHA's Vaccine Mandate also made clear that the Mandate did not prohibit healthcare employers from complying with the requirements of federal and state laws that prohibit employers from discriminating against employees on the basis of religion.  *See* Or. Admin. R. 333-019-1010(5)(a).

12.    In accordance with the OHA's Vaccine Mandate, ALLCARE required all of its employees to be vaccinated against COVID-19.

13.    ALLCARE allowed its employees to seek religious and medical exemptions.  Any employee who sought one was required to fill out and submit a form provided by the OHA to ALLCARE's Human Resources office.

14.    Plaintiff is a practicing Christian who worked for ALLCARE as a Supervisor of Benefit Management and Pharmacy Services for roughly six years, starting in 2016.

---

[1] The OHA repealed the Vaccine Mandate in its entirety on June 30, 2023.  See http://records.sos.state.or.us/ORSOSWebDrawer/Recordhtml/9549761 (last viewed on Dec. 7, 2023).

15.    From March 23, 2020 until ALLCARE unlawfully terminated her employment, Plaintiff worked fully remotely.  She rarely went into ALLCARE's offices during the final 19 months of her employment, and then only for brief periods to print out letters for mailing purposes.  When in ALLCARE's office, she wore a mask and stayed six feet or more away from her co-workers – a practice known during the COVID-19 pandemic as "social distancing" – at all times.

16.    All of Plaintiff's interactions with ALLCARE customers during the pandemic took place via videoconference, telephone, e-mail, or regular mail.

17.    Plaintiff was qualified for her position and was an exemplary employee.  She received yearly marks of "Exceeds Expectations" on her performance reviews, and her supervisor called her "the face of AllCare Health."

18.    On or about September 8, 2021, Plaintiff applied for a religious exemption from the vaccine based on her sincerely held religious beliefs.  True and accurate copies of Plaintiff's religious exception request and related documents are attached hereto as **Exhibit "B."**

19.    In her religious exemption request and related documents, Plaintiff articulated her religious objections to receiving the COVID-19 vaccination.  *See* Ex. "B."  Among the sincere religious beliefs Plaintiff holds, and at all times relevant herein held, that conflicted with her employment-related duty to receive a COVID-19 vaccine are the following:

       a.    Plaintiff believes, and at all times relevant herein believed, her body is a temple of God that she must not defile with unclean food or medicines.  This belief is intimately connected with her daily living, as it influences all her food and medicinal choices.

       b.    Plaintiff believes, and at all times relevant herein believed, COVID-19 vaccines are unclean because they contain foreign

DNA as well as cancer-causing substances, chemical wastes, and other substances that are potentially harmful to the human body, meaning she would violate her "temple" by taking them. She abstains from drinking alcohol precisely because she believes it is a sin to take potentially harmful substances into her body.

c. Plaintiff also believes, and at all times relevant herein believed, in biblical teachings concerning the sanctity of life, which she believes begins in the womb. Accordingly, Plaintiff opposes abortion – the intentional taking of a human life *in utero* – because she believes, and at all times relevant herein believed, that abortion violates the biblical command against murder. Because the manufacturers of all COVID-19 vaccines available in the United States at the time the OHA issued its Vaccine Mandate used cells from aborted babies at various stages in the production of the vaccines, Plaintiff sincerely believes, and at all times relevant herein believed, that receiving a COVID-19 vaccine would make her complicit in the murder of the unborn.

d. Plaintiff believed, and at all times relevant herein believed, that in response to prayer concerning COVID-19 vaccines, she had received clear conviction from the Holy Spirit not to take them.

20. In addition to a religious exception from the OHA's Vaccine Mandate, Plaintiff also sought a medical exception. Plaintiff sought the medical exception due to a number of permanent autoimmune conditions from which Plaintiff suffers.

21. As a condition of receiving a medical exception, Plaintiff had to, and did, obtain a note from her physician explaining why she could not receive a

COVID-19 vaccine for medical reasons.  A true and accurate copy of Plaintiff's medical exception request, including the note from her physician, are attached hereto as **Exhibit "C."**

22.     On September 14, 2021, ALLCARE's Chief Human Resources Officer, Sandy Pennell ("Pennell"), informed Plaintiff via e-mail (the "September 14 E-mail") that her religious exemption request had been denied because ALLCARE claimed accommodating Plaintiff would place undue hardship on ALLCARE for both safety and financial reasons.  *See* Attached **Exhibit "D"** [true and accurate copies of the September 14 E-mail and related correspondence concerning Plaintiff's need for a religious exception from the Vaccine Mandate].

23.     In the September 14 E-mail, ALLCARE asserts that Plaintiff's position comes into routine contact with employees, enrollees, and other contacts which "would pose a great risk and an unsafe work environment."  *See* Ex. "D." However, because Plaintiff worked remotely, she had absolutely no face-to-face contact with her co-workers or anyone whom ALLCARE served.

24.     ALLCARE, in the September 14 E-mail, only considered one accommodation for Plaintiff – weekly testing at the cost of the company.  See Ex. "D."  However, the e-mail states that "AllCare has determined such cost ***will not be incurred to accommodate religious accommodations*.**  *Id.* (emphasis added).

25.     The September 14 E-mail does state that the cost of testing would be "significant."  *See* Ex. "D."  ALLCARE's statement implies closed-mindedness to other measures aimed at preventing the transmission of COVID-19 that ALLCARE was employing at the time, such as masking and social distancing, as well as a measure Plaintiff was already using – namely, working remotely.

26.     Plaintiff also proposed other accommodations that would allow her to keep working.  *See* Ex. "B."  Among Plaintiff's proposed accommodations were the following:

    a. Allowing an employee who was vaccinated to come into ALLCARE's office to print out letters for Plaintiff, thereby eliminating the need for Plaintiff to come into the office at all; and

    b. Getting tested for COVID-19 through her personal healthcare provider, which would bill her insurance provider for the tests, thereby eliminating any concern ALLCARE had about substantial increased costs.

27.    ALLCARE's assertion that accommodating Plaintiff would create an undue hardship, safety or financial, is undermined by the facts that Plaintiff (1) worked entirely from home and thus did not have regular in-person contact with employees, enrollees, or customers and (2) could, and was willing to, submit to COVID-19 testing at no cost to ALLCARE.

28.    As for Plaintiff's medical exception request, Pennell repeatedly sent e-mails to Plaintiff on ALLCARE's behalf declaring that Plaintiff's reasons for needing a medical exception were either unsubstantiated or insufficient. *See* Attached **Exhibit "E"** [true and accurate copies of Pennell's communications with Plaintiff concerning her need for a medical exception].

29.    On September 21, 2021, Pennell sent to Plaintiff an e-mail (the "September 21 E-mail") stating that effective September 30, 2021, ALLCARE would terminate Plaintiff's employment unless she provided proof either that she had begun the vaccination process or intended to do so. *See* Attached **Exhibit "F"** [a true and accurate copy of the September 21 E-mail]. Pennell also informed Plaintiff that ALLCARE would treat her termination as a "voluntary resignation" rather than a firing. *Id.*

30.    Unable to receive a COVID-19 vaccine for both religious and medical reasons, Plaintiff did not begin the vaccination process. However, ALLCARE did not fire Plaintiff immediately: ALLCARE allowed Plaintiff to continue working

from home and required Plaintiff to submit to weekly COVID-19 nasal swab testing from October 7, 2021 through December 29, 2021.

31.    On or about January 6, 2022, ALLCARE terminated Plaintiff's employment.

32.    Due to ALLCARE terminating her employment, Plaintiff has suffered economic damages.  She has mitigated her damages in the following ways:

    a.  Obtaining new employment at Premier Community Supports, LLC, in Grants Pass, albeit at a substantial wage loss and with an increased 40-minute commute from her home;

    b.  Obtaining unemployment and Medicaid benefits; and

    c.  Filing for bankruptcy under Chapter 13 to ensure that any assets she owns are protected.

33.    Due to ALLCARE's termination of her employment, Plaintiff has suffered the following noneconomic damages:

    a.  Skyrocketing anxiety

    b.  Post-traumatic stress

    c.  Constant fear that her current employer will fire her

    d.  Loss of sleep

    e.  Loss of self-confidence

    f.  Gastrointestinal issues

    g.  Wildly fluctuating weight gain/loss

    h.  Vertigo

    i.  Migraines

    j.  Loss of libido

    k.  Vagus nerve issues

    l.  Depression

m. Feelings of hopelessness

n. Personality change, from being generally joyful to more depressed

34.     As a condition of filing the herein lawsuit, Plaintiff has obtained a right-to-sue letter from Oregon's Bureau of Labor & Industries. That letter is attached hereto as **Exhibit "G."**

35.     Attached hereto as **Exhibit "H"** is a printout from the website TimeandDate.com showing when the 90-day statute of limitations set forth in Plaintiff's right-to-sue letter is set to expire. Plaintiff included this printout to show that she timely filed this lawsuit in compliance with her deadline.

<u>**FIRST CAUSE OF ACTION:**</u>
**Violation of Title VII**
**[42 U.S.C. § 2000e-2]**

36.     Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

37.     Title VII of the 1964 Civil Rights Act prohibits employers from discriminating on the basis of religion. 42 U.S.C. § 2000e-2(a)(1).

38.     Title VII defines "employer" to "mean[] a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year …" 42 U.S.C. § 2000e(b).

39.     Defendant ALLCARE qualifies as an employer under Title VII.

40.     The term "religion," for purposes of Title VII, "includes all aspects of religious observance and practice, as well as belief …" 42 U.S.C. § 2000e(j).

41.     As a practicing Christian, Plaintiff belongs to a class of persons protected under Title VII. 42 U.S.C. § 2000e-2(a)(1).

42.     Plaintiff was qualified to work as a Supervisor of Benefit Management and Pharmacy Services for Defendant ALLCARE.

43.    Plaintiff has, and at all times relevant herein had, bona fide religious beliefs that rendered her unable to receive a COVID-19 vaccine.  Plaintiff's sincerely held religious beliefs conflicted with her employment-related duty to receive a COVID-19 vaccine in accordance with the OHA's Vaccine Mandate.

44.    Plaintiff informed her employer, Defendant ALLCARE, of the conflict between her religious beliefs and her employment-related duty to receive a COVID-19 vaccine.  *See* Ex. "B."

45.    Defendant ALLCARE discriminated against Plaintiff by threatening to terminate her employment if she did not get vaccinated against COVID-19, refusing to accommodate her sincerely held religious belief, and then ultimately terminating her employment on January 6, 2022.

46.    Reasonable accommodations were available that would have allowed Plaintiff to continue working while imposing no undue hardship on Defendant ALLCARE.  Such accommodations included allowing Plaintiff to continue working remotely, as she had done since the beginning of the pandemic in March 2020, and allowing her to go through COVID-19 testing through her own insurance provider at no cost to ALLCARE.

47.    Despite the availability of such reasonable, non-costly accommodations, Defendant ALLCARE terminated Plaintiff's employment.

48.    Animus toward Plaintiff's religious beliefs motivated Defendant ALLCARE to fire Plaintiff, any assertion ALLCARE might make to the contrary notwithstanding.

49.    Attempting to comply with the OHA's Vaccine Mandate is no excuse: The Mandate expressly allowed ALLCARE to grant religious exemptions to its employees and made clear that the Mandate did not prohibit ALLCARE from complying with Title VII.  *See* Or. Admin. R. 333-019-1010(3)-(5)(a).

50.    Based on the foregoing, Defendant ALLCARE has discriminated against Plaintiff in violation of Title VII.

### SECOND CAUSE OF ACTION:
**Violation of State Law Prohibiting Religious Discrimination**
**[ORS 659A.030(1)(a)]**

51.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

52.    Like Title VII, ORS 659A.030(1)(a) prohibits employers from discharging individuals from employment on the basis of religion.

53.    Because Oregon's state law prohibiting employers from discriminating on the basis of religion is modeled after Title VII, and because the analysis for religious discrimination claims under both statutes is identical, Plaintiff declines to restate the facts as set forth in his first cause of action, as those facts are already incorporated as though fully set forth herein.

54.    Under 42 U.S.C. § 2000e-7, nothing in 42 U.S.C. § 1981a(b)(3), which caps the amount of non-pecuniary and punitive damages that can be awarded to Plaintiff, "shall be deemed to exempt or relieve any person from liability, duty, penalty, or punishment provided by any present or future law of any State[.]"  In other words, an Oregon jury is free to exceed any applicable federal dollar limit in accordance with Oregon law.

55.    Under Oregon law, a jury may award up to $500,000 in noneconomic damages.  *See* ORS 31.710(1).  Oregon law defines "noneconomic damages" to include "subjective, nonmonetary losses, including but not limited to … mental suffering, emotional distress, … inconvenience and interference with normal and usual activities apart from gainful employment."  ORS 31.705(2)(b)

56.    As stated *supra*, Plaintiff has endured mental suffering and emotional distress due to ALLCARE's unlawful discrimination against him.

57.     ORS 659A.885(3) allows for punitive damages against employers such as Defendant ALLCARE who violate ORS 659A.030(1)(a).  Oregon law places no cap on punitive damages.

58.     Based on the foregoing, in addition to violating Title VII, Defendant ALLCARE has violated ORS 659A.030(1)(a).

## THIRD CAUSE OF ACTION:
### Violation of Americans With Disabilities Act
### [42 U.S.C. § 12112(a)]

59.     Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

60.     The Americans with Disabilities Act ("ADA") prohibits employers from discriminating against qualified individuals on the basis of disability with regard to terms, conditions, and privileges of employment.  42 U.S.C. § 12112(a).

61.     Plaintiff was qualified to work as a Supervisor of Benefit Management and Pharmacy Services for Defendant ALLCARE.

62.     As someone who suffers from allergic reactions to a preservative frequently used in various vaccines, Plaintiff has a disability as defined by 42 U.S.C. § 12102(1)(A) ["A physical or mental impairment that substantially limits one or more major life activities of such individual"].

63.     Plaintiff also has a record of her impairment, as indicated by the letter from her physician that she submitted to Defendant LEGACY as part of her request for a medical exemption, thereby meeting the requirements of 42 U.S.C. § 12102(1)(B).  *See* Ex. "B."

64.     Plaintiff was qualified to work in her position and could perform all essential functions required of her in that position.

65.     Plaintiff suffered adverse employment action due to her disability: Despite receiving multiple notes from Plaintiff's physician about her disability,

Defendant ALLCARE threatened to fire Plaintiff if she did not get vaccinated against COVID-19, then followed through on that threat on January 6, 2022.

66.    Defendant ALLCARE could and should have offered Plaintiff a reasonable accommodation for her disability, as reasonable accommodations were available that would have allowed Plaintiff to continue working while limiting the likelihood that Plaintiff would contract and spread COVID-19 to ALLCARE's other employees and customers.  Such accommodations included allowing Plaintiff to continue working remotely, as she had done since the beginning of the pandemic in March 2020, and allowing her to go through COVID-19 testing through her own insurance provider at no cost to ALLCARE.

67.    ALLCARE did not provide reasonable accommodations to Plaintiff, opting instead to subject Plaintiff to discriminatory treatment by threatening to terminate, and ultimately terminating, her employment.

68.    Animus toward Plaintiff's disability motivated Defendant ALLCARE to fire Plaintiff, any assertion by ALLCARE to the contrary notwithstanding.

69.    Defendant ALLCARE's actions were inconsistent with the OHA's Vaccine Mandate, which expressly allowed ALLCARE to grant medical exemptions in compliance with the ADA.  *See* Or. Admin. R. 333-019-1010(5)(a).

70.    Based on the foregoing, ALLCARE has violated the ADA.

### FOURTH CAUSE OF ACTION:
**Violation of State Law Prohibiting Disability Discrimination
[ORS 659A.112(1)]**

71.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

72.    Like the ADA, Oregon law prohibits employers from discriminating against qualified individuals on the basis of disability with regard to the terms, conditions, and privileges of employment.  ORS 659A.112(1).

73.     Because Defendant ALLCARE employs, and at all times relevant herein employed, more than six persons, ALLCARE is an employer to whom ORS 659A.112(1) applies.  *See* ORS 659A.106.

74.     As someone who suffers from allergic reactions to various vaccines, Plaintiff has a disability as defined by ORS 659A.104(1)(a) ["A physical or mental impairment that substantially limits one or more major life activities of such individual"].  Plaintiff also has a record of her impairment, as indicated by the multiple letters from her physician that she submitted to Defendant ALLCARE as part of her request for a medical exemption from receiving a COVID-19 vaccination, thus meeting the requirements of ORS 659A.104(1)(b).  *See* Ex. "C."

75.     Plaintiff was qualified to work as a Supervisor of Benefit Management and Pharmacy Services for Defendant ALLCARE.

76.     Defendant ALLCARE subjected Plaintiff to multiple adverse employment actions due to her disability, threatening to terminate – and ultimately terminating – her employment.

77.     Defendant ALLCARE could and should have offered Plaintiff reasonable accommodations for her disability that would not have required ALLCARE to incur significant difficulty or expense.  ALLCARE did not do so, opting to terminate her employment instead.

78.     Animus toward Plaintiff's disability is truly what motivated Defendant ALLCARE to fire Plaintiff, any assertion ALLCARE might make to the contrary notwithstanding.

79.     Defendant ALLCARE's actions were inconsistent with the Vaccine Mandate, which expressly allowed ALLCARE to grant medical exemptions in compliance with state laws prohibiting disability-based discrimination.  *See* Or. Admin. R. 333-019-1010(5)(a).

80.    ORS 659A.885(3) allows for punitive damages against employers such as Defendant ALLCARE who violate ORS 659A.112(1).  Oregon law places no cap on punitive damages.

81.    Defendant ALLCARE's conduct was especially egregious given that ALLCARE essentially forced Plaintiff to choose between her job and her life due to Plaintiff's risk of a life-threatening allergic reaction to COVID-19 vaccines.

82.    Based on the foregoing, Defendant ALLCARE has violated ORS 659A.112(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant ALLCARE as follows:

### ON ALL CAUSES OF ACTION:

1.    For economic damages in an amount according to proof at trial;

2.    For non-economic damages in an amount according to proof at trial;

3.    For punitive damages in an amount according to proof at trial;

4.    For attorney's fees and costs associated with bringing and maintaining this action in accordance with the law; and

5.    For such other and further relief as the Court may deem proper.

Dated: December 14, 2023            PACIFIC JUSTICE INSTITUTE
                                    __/s/ RAY D. HACKE_____
                                    Ray D. Hacke
                                    Attorneys for Plaintiff
                                    JOY R. KILISHEK

# EXHIBIT "A"

**OREGON SECRETARY OF STATE**
▶ **Corporation Division**

HOME

Business Xpress    | business name search |    oregon business guide
license directory    business registry/renewal    forms/fees    notary public
uniform commercial code    uniform commercial code search    documents & data services

### Business Name Search

New Search      Printer Friendly      Business Entity Data      05-01-2023 17:05

| Registry Nbr | Entity Type | Entity Status | Jurisdiction | Registry Date | Next Renewal Date | Renewal Due? |
|---|---|---|---|---|---|---|
| 431199-99 | DBC | ACT | OREGON | 04-25-2007 | 04-25-2024 | |
| Entity Name | ALLCARE HEALTH, INC. | | | | | |
| Foreign Name | | | | | | |

New Search      Printer Friendly      Associated Names

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | | | |
|---|---|---|---|---|---|---|
| Addr 1 | 1701 NE 7TH STREET | | | | | |
| Addr 2 | | | | | | |
| CSZ | GRANTS PASS | OR | 97526 | | Country | UNITED STATES OF AMERICA |

*Please click here for general information about registered agents and service of process.*

| Type | AGT | REGISTERED AGENT | | Start Date | 01-28-2022 | Resign Date | |
|---|---|---|---|---|---|---|---|
| Name | DOUG | | FLOW | | | | |
| Addr 1 | 1701 NE 7TH STREET | | | | | | |
| Addr 2 | | | | | | | |
| CSZ | GRANTS PASS | OR | 97526 | | Country | UNITED STATES OF AMERICA | |

| Type | MAL | MAILING ADDRESS | | | | |
|---|---|---|---|---|---|---|
| Addr 1 | 15133 SW 81ST AVENUE | | | | | |
| Addr 2 | | | | | | |
| CSZ | TIGARD | OR | 97224 | | Country | UNITED STATES OF AMERICA |

| Type | PRE | PRESIDENT | | | Resign Date | |
|---|---|---|---|---|---|---|
| Name | KATHERINE | | JOHNSTON | | | |
| Addr 1 | 1701 NE 7TH STREET | | | | | |
| Addr 2 | | | | | | |
| CSZ | GRANTS PASS | OR | 97526 | | Country | UNITED STATES OF AMERICA |

| Type | SEC | SECRETARY | | | Resign Date | |
|---|---|---|---|---|---|---|
| Name | JESSICA | | DURRANT | | | |
| Addr 1 | 1701 NE 7TH STREET | | | | | |
| Addr 2 | | | | | | |

| CSZ | GRANTS PASS | OR | 97526 | | Country | UNITED STATES OF AMERICA |
|-----|-------------|-----|--------|---|---------|--------------------------|

New Search      Printer Friendly      Name History

| Business Entity Name | Name Type | Name Status | Start Date | End Date |
|----------------------|-----------|-------------|------------|----------|
| ALLCARE HEALTH, INC. | EN | CUR | 07-01-2016 | |
| MID ROGUE ALLCARE HEALTH ASSURANCE INC. | EN | PRE | 10-30-2014 | 07-01-2016 |
| MID ROGUE IPA HOLDING COMPANY | EN | PRE | 04-25-2007 | 10-30-2014 |

Please read before ordering Copies.

New Search      Printer Friendly      Summary History

| Image Available | Action | Transaction Date | Effective Date | Status | Name/Agent Change | Dissolved By |
|-----------------|--------|------------------|----------------|--------|-------------------|--------------|
| | AMENDED ANNUAL REPORT | 04-25-2023 | | FI | | |
| | AMENDED ANNUAL REPORT | 04-25-2022 | | FI | | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 01-28-2022 | | FI | Agent | |
| | AMENDED ANNUAL REPORT | 04-26-2021 | | FI | | |
| | AMENDED ANNUAL REPORT | 04-15-2020 | | FI | | |
| | AMENDED ANNUAL REPORT | 04-19-2019 | | FI | | |
| | AMENDED ANNUAL REPORT | 04-25-2018 | | FI | | |
| | AMENDED ANNUAL REPORT | 04-20-2017 | | FI | | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 02-02-2017 | | FI | | |
| | ARTICLES OF CORRECTION | 08-04-2016 | | FI | | |
| | ARTICLES OF AMENDMENT | 07-19-2016 | | FI | | |
| | ARTICLES OF AMENDMENT | 07-01-2016 | | FI | Name | |
| | ARTICLES OF AMENDMENT | 05-27-2016 | | FI | | |
| | AMENDED ANNUAL REPORT | 04-25-2016 | | FI | | |
| | AMENDED ANNUAL REPORT | 04-24-2015 | | FI | | |
| | ARTICLES OF AMENDMENT | 10-30-2014 | | FI | Name | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 08-13-2014 | | FI | | |

| | ARTICLES OF AMENDMENT | 07-28-2014 | | FI | | |
|---|---|---|---|---|---|---|
| | AMENDED ANNUAL REPORT | 04-21-2014 | | FI | Agent | |
| | AMENDED ANNUAL REPORT | 03-25-2013 | | FI | | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 03-21-2012 | | FI | | |
| | AMENDED ANNUAL REPORT | 03-15-2012 | | FI | | |
| | AMENDED ANNUAL REPORT | 03-10-2011 | | FI | | |
| | ANNUAL REPORT PAYMENT | 04-16-2010 | 04-15-2010 | SYS | | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 02-03-2010 | | FI | | |
| | ANNUAL REPORT PAYMENT | 03-13-2009 | 03-12-2009 | SYS | | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 10-30-2008 | | FI | | |
| | AMENDED ANNUAL REPORT | 04-25-2008 | | FI | | |
| | ARTICLES OF INCORPORATION | 04-25-2007 | | FI | Agent | |

© 2023  Oregon Secretary of State.  All Rights Reserved.

# EXHIBIT "B"

To AllCare Health religious exemption committee;

I, Joy Rachel Kilishek, hereby assert my deeply held personal belief to a religious exemption from vaccination. I am a Christian who believes in the Bible, including the teachings in the New Testament. I have a Christian worldview. This viewpoint distinguishes that faith and conscience make an individual to submit to the proper jurisdiction within the rule of law, in this case, Divine Law. I am requesting a religious accommodation pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, and Oregon Revised Statutes 659.006 (1) and ORS 659.030.

I believe God gave me his body while I am here on earth and it houses the Holy Spirit in me. As a Christian, it is my duty to steward my gifts, including my body. I am not ashamed of who God made me and my religion and beliefs and do not think my employer has the right to determine my beliefs and values, they belong to me personally and will stay the same regardless of your determination. It is a God-given responsibility for me to protect the integrity of my Body against unclean food and injections.

The New Testament teaches that:

You realize, don't you, that you are the temple of God, and God himself is present in you? No one will get by with vandalizing God's temple, you can be sure of that. God's temple is sacred- and you, remember, are the temple. 1 Corinthians 3:16-17 (Msg)

Vaccines contain hazardous substances, animal parts, foreign DNA, carcinogens, chemical wastes and other things that I did not list, that are proven harmful to the human body.
http://www.cdc.gov/vaccines/pubs/pinkbook/downloads/appendices/b/excipient-table-2.pdf.

Contaminants can also be contaminated in vaccines considered from a biblical standpoint, the contaminants themselves are often contaminated.

http://www.ncbi.nlm.nih.gov/pubmed/20456974.

Many vaccines contain cells, cellular debris, protein and DNA. The broad ban against consuming anything that might "defile" the body, and hence the conscience.

I make this request for the glory of God and consistent with my faith. In that the use of vaccines would be both a violation of my faith on the duty to adhere to the teachings I follow, am religiously and morally bound.

I am requesting a religious accommodation, under Title VII and ORS 659.A.033 that will excuse me from having any Covid-19 vaccines and further request no adverse employment action to be taken against me on the account of my religious beliefs. State law and the Equal Employment Opportunity Commission has given guidance that accommodations such as working at social distancing, periodic testing, telework, face masking or face shielding or a combination of those are acceptable reasonable accommodations (EEOC Guidance). I will continue to work from home as I have since March 2020.

I submit this exemption for vaccinations.

Thank you,

Respectfully,

Joy Kilishek

09/08/2021

# EXHIBIT "C"

# James Z. Said, D.C., N.D.

PO Box 1496, Orofino, ID 83544    •    Phone: 541.773.8111    •    Fax: 888.814.4916

Date:  August 16, 2021

Pt:    Joy Kilishek
DOB:  4/25/64

Re:    Covid Vaccine Exemption

To Whom It May Concern:

This is to acknowledge that Joy Kilishek is a patient of record in my office and suffers with multiple autoimmune conditions and their degenerative sequelae. I am recommending that she be exempt from covid vaccination due to significant immunocompromise.

Sincerely,

James Z. Said, DC, ND



OFFICE OF THE DIRECTOR
Office of the State Public Health Director

# COVID-19 Vaccine Medical Exception Request Form

**Instructions:** Please refer to the <u>Instructions for filling out the COVID-19 Medical Exception Request Form</u>. If you are requesting an exception from the COVID-19 vaccination requirement for medical reasons you must fill out this form and **submit it to your employer or other responsible person.**

### DO NOT SEND THIS FORM TO THE OREGON HEALTH AUTHORITY.

I am requesting an exception from the COVID-19 vaccination requirement on the basis of a diagnosed physical or mental condition that limits my ability to receive the COVID-19 vaccination, as certified by my medical provider below.

| Individual's name: *Joy Kilishek* | Date of birth: *4/25/64* |
|---|---|
| Phone number: | |
| Signature: | Date: |
| Employer/Organization: | Job Title/Position: |

Please note that if your exception request is approved, you may be required by your employer or other responsible party to take additional steps to protect you and others from contracting and spreading COVID-19. Workplaces are not required to provide this exception accommodation if doing so would pose a direct threat to the excepted individual or others in the workplace or would create an undue hardship.

## Statement from Medical Provider

Your patient, named above, has requested an exception to the COVID-19 vaccination requirement due to a medical condition. Please provide the information below.

## Please check an option below and complete related questions:

☒ The patient should not receive the COVID-19 vaccination due to a medical condition.

What is the medical condition that prevents them from receiving the COVID-19 vaccination? *Pt. suffers with an autoimmune condition, asthma, multiple severe food and seasonal allergies, a severely compromised GIS system.*

☒ Yes ☐ No   Is the medical condition permanent?

OHA 3870 (9/01/2021)



Changing healthcare to work for you.

## Medical Accommodation Request Form

To request a medical exemption, please complete **section 1** below and <u>have your medical provider complete section 2</u>.

### Section 1 – Employee completes

| Name (print):<br><br>Joy Rachel Kilishek | Date:<br><br>08/17/2021 |
|---|---|
| Dept.:<br><br>Benefit Management and Pharmacy Services | Position:<br><br>Supervisor, Member Wellness Benefits Management |
| Manager:<br><br>Amy Burns | Work/Cell Phone:<br><br>541-226-8479 |

I am requesting a medical exemption for the following:    Covid Vaccine

I verify that the information I am submitting to substantiate my request for medical exemption is true and accurate to the best of my knowledge. I understand that any falsified information can lead to disciplinary action, up to and including termination.

I further understand that AllCare Health is not required to provide this exemption accommodation if doing so would pose a direct threat to myself or others in the workplace or would create an undue hardship for AllCare Health.

| Employee Signature:<br><br>*Joy Kilishek* | Date:<br><br>8/17/2021 |
|---|---|



Certified
B
Corporation

An Oregon Benefit Company

1701 NE 7th St.
Grants Pass, OR 97526
Phone (541) 471-4106
Fax (541) 471-3784
Toll free (888) 460-0185
TTY 711
AllCareHealth.com



Changing healthcare to work for you.

**Section 2 – Medical Provider completes**

**Medical Certification for Exemption**

Employee Name: _____Joy Rachel Kilishek_____

Dear Medical Provider,

The individual named above is seeking an exemption due to medical contraindications. If this medical exemption is related to AllCare's COVID-19 mandatory vaccination policy, provide information as to why this person cannot medically obtain the vaccine. Please complete this form to assist AllCare Health in the reasonable accommodation process.

**The person named above should receive a medical exemption due to:**

Multiple autoimmune conditions, prediabetic, asthmatic, hypothyroidism, SIBO, lactose intolerance, substantially immuno compromised.

**This exemption should be:**

☐ Temporary, expiring on: __/__/____, or when _____

☒ Permanent

I certify the above information to be true and accurate, and request exemption for the above-named individual.

| Medical Provider Name (print): | |
|---|---|
| James Z. Said | |
| Medical Provider Signature: | Date: |
| Said | 8/18/21 |
| Practice Name & Address: | Provider Phone: |
| Dr. James Z. Said<br>7711 Lower Fords Creek Rd.<br>Orofino, ID, 83544 | 541-773-8111 |



Certified

B

Corporation

An Oregon Benefit Company

1701 NE 7th St.
Grants Pass, OR 97526
Phone (541) 471-4106
Fax (541) 471-3784
Toll free (888) 460-0185
TTY 711
AllCareHealth.com



Changing healthcare to work for you.

**Please return this form directly to Sandy Pennell, CHRO, sandy.pennell@allcarehealth.com, and Regina Castellon, HRM, regina.castellon@allcarehealth.com.**

**HR USE ONLY**

Date of initial request: __/__/____          Date certification received: __/__/____

Accommodation request:

☐   Approved __/__/____

Describe specific accommodation details:

_____


☐   Denied   __/__/____

Describe why accommodation is denied:

_____



Certified

B

Corporation

An Oregon Benefit Company

1701 NE 7th St.
Grants Pass, OR 97526
Phone (541) 471-4106
Fax (541) 471-3784
Toll free (888) 460-0185
TTY 711
AllCareHealth.com

☐ Yes ☒ No    Is the medical condition temporary? If yes, what is the expected duration?

Please describe how this medical condition impacts their ability to receive the COVID-19 vaccination. *Severe allergy reactions to multiple antigens & severe GI pathology make her unable to endure Covid vaccination. She is also severely immunocompromised & several autoimmune conditions.*

☑ The patient may not receive a certain type of COVID-19 vaccination. The patient may receive a vaccination manufactured by —————.

☐ The patient may receive a COVID-19 vaccination.

I certify the above information to be true and accurate.

| Printed name of medical provider: *James Z. Javid* | Date: *9/30/21* |
|---|---|
| Signature of medical provider: | Work address: *85544* *7711 Lower Fords Creek Rd, India JD* |
| | Work telephone number: *541-993-111* |

**Document accessibility:** For individuals with disabilities or individuals who speak a language other than English, OHA can provide information in alternate formats such as translations, large print, or braille. Contact the Health Information Center at 1-971-673- 2411, 711 TTY or COVID19.LanguageAccess@dhsoha.state.or.us.

OHA 3870 (9/01/2021)

*emended* 10/28/2021

OFFICE OF THE DIRECTOR
Office of the State Public Health Director



# COVID-19 Vaccine Medical Exception Request Form

**Instructions:** Please refer to the <u>Instructions for filling out the COVID-19 Medical Exception Request Form</u>. If you are requesting an exception from the COVID-19 vaccination requirement for medical reasons you must fill out this form and **submit it to your employer or other responsible person**.

### DO NOT SEND THIS FORM TO THE OREGON HEALTH AUTHORITY.

I am requesting an exception from the COVID-19 vaccination requirement on the basis of a diagnosed physical or mental condition that limits my ability to receive the COVID-19 vaccination, as certified by my medical provider below.

| Individual's name: | Date of birth: |
|---|---|
| Joy Kilishek | 04/25/1964 |
| Phone number: 541-226-8479 | |
| Signature: | Date: 10/27/2021 |
| Employer/organization: All Care Health | Job title/position: Supervisor |

Please note that if your exception request is approved, you may be required by your employer or other responsible party to take additional steps to protect you and others from contracting and spreading COVID-19. Workplaces are not required to provide this exception accommodation if doing so would pose a direct threat to the excepted individual or others in the workplace or would create an undue hardship.

## Statement from Medical Provider

Your patient, named above, has requested an exception to the COVID-19 vaccination requirement due to a medical condition. Please provide the information below.

## Please check an option below and complete related questions:

☒ The patient should not receive the COVID-19 vaccination due to a medical condition.

What is the medical condition that prevents them from receiving the COVID-19 vaccination?

Chronic anxiety controlled by medication.

☒ Yes ☐ No   Is the medical condition permanent?

OHA 3870 (9/01/2021)

☐ Yes ☐ No   Is the medical condition temporary? If yes, what is the expected duration?


Please describe how this medical condition impacts their ability to receive the COVID-19 vaccination.

Her high anxiety is only further heightened by the thought of taking the Covid vaccine, which renders her more ineffective in her work environment.

☐ The patient may not receive a certain type of COVID-19 vaccination. The patient may receive a vaccination manufactured by        .

☐ The patient may receive a COVID-19 vaccination.

I certify the above information to be true and accurate.

| Printed name of medical provider: | Date: |
|---|---|
| James Z. Said | 10/27/2021 |
| Signature of medical provider: | Work address: |
|  | 7711 Lower Fords Creek Road, Orofino, ID 83544 |
|  | Work telephone number: |
|  | 541-773-8111 |

**Document accessibility:** For individuals with disabilities or individuals who speak a language other than English, OHA can provide information in alternate formats such as translations, large print, or braille. Contact the Health Information Center at 1-971-673- 2411, 711 TTY or COVID19.LanguageAccess@dhsoha.state.or.us.

# EXHIBIT "D"

## Joy Kilishek

| From: | Sandy Pennell |
|---|---|
| Sent: | Tuesday, September 14, 2021 11:58 AM |
| To: | Joy Kilishek |
| Cc: | Regina Castellon |
| Subject: | CONFIDENTIAL: Accommodation-Religious (KILISHEK) |

Joy,

Based on information provided to date your request for COVID-19 vaccination exemption based on religious reason(s) is denied due to hardship (safety) and cost associated with such an accommodation. After a thorough review, we have determined that an unvaccinated person in your position, who has routine contact with employees, enrollees, and other customers, would pose a great risk and an unsafe work environment. If such an accommodation would be granted AllCare would be required to pay for weekly testing at a significant cost to the company. AllCare has determined such cost will not be incurred to accommodate religious accommodations.

If you have additional information, and would like to provide that to HR for review, please do so no later than Thursday, September 16, 2021. If additional information is not received by September 16, 2021, your request for accommodation stands denied.

Respectfully,

Sandy Pennell
Chief Human Resources Officer
Pronouns: She/Her/Hers

Phone +1 (541) 471-4106
Toll Free +1 (888) 460-0185
TTY/TDD +1 (800) 735-2900
Email Sandy.Pennell@allcarehealth.com

AllCare Health

www.allcarehealth.com

*This transmission, together with any attachments, is intended only for the use of those to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any distribution or copying of this transmission is strictly prohibited. If you received this transmission in error, please notify the original sender immediately and delete this message, along with any attachments.*

**From:** Joy Kilishek
**Sent:** Wednesday, September 8, 2021 2:34 PM
**To:** Sandy Pennell <Sandy.Pennell@allcarehealth.com>; Regina Castellon <Regina.Castellon@allcarehealth.com>
**Cc:** 'rjam1052@msn.com' <rjam1052@msn.com>
**Subject:** JoyKilishek982021HRAccommodation Request for Religious Exemption - COVID-19 Vaccination-v1 .._.pdf

Hi Regina,

## Joy Kilishek

| | |
|---|---|
| **From:** | Joy Kilishek |
| **Sent:** | Tuesday, September 14, 2021 5:14 PM |
| **To:** | Sandy Pennell |
| **Cc:** | Regina Castellon |
| **Subject:** | RE: CONFIDENTIAL: Accommodation-Religious (KILISHEK) |

Hi Sandy and Regina,

I replied to see if I can appeal your decision but have not heard back as of yet.

I know that you do not know me personally but anyone that knows me knows that I am a Christian. My belief to treat my body as a temple as is something that I pray about every day, not just with vaccines. This is something that I do with all my foods, staying organic and no additives as well as only drinking homemade vegetable juices, organic peppermint tea or water. I do not drink any alcohol. In order to remain true to my beliefs and not violate the clear conviction that I have received through the Holy Spirit, and can't receive any of the COVID-19 vaccines.

I am only asking for reasonable accommodations as I stated in my first religious exemption, as I have been working from home since March 2020, handling all of AllCare Health Tobacco Cessation as the only Tobacco Cessation Specialist, facilitating Zoom call trainings for Tobacco Cessation to the ARC in Medford for the men's house and the women's house inpatients every six weeks who are going through recovery. I go into the office to print out any letters and I deliver all my member mail to the UPS Store. All using a mask and social distancing.

We will be adding another employee who I will be training and is vaccinated who does go to the office to print her letters out and would be able to print out my letters as well. This would keep me from going into the office at all, even though it was minimal for the last 19 months. I did talk to Valley Immediate Care and they said I can get my weekly testing there and they can bill my insurance for the tests.

My church elders have been praying for me to get approved for my religious exemption as they know me and my beliefs to be strong and sincere.

As a believer in the sanctity of like, I am morally opposed to using fetal cells in the vaccine production phase. The Bible states that human beings are made in the image of God. Genesis 1:26 and human life is sacred starting from the beginning of fetal development, as in Psalm 139:13-16" For you are formed my inward parts, you knitted me together in my mother's womb. I praise you, for I am fearfully and wonderfully made. Wonderful are your works; my soul knows it very well. My frame was not hidden from you, when I was being made in secret, intricately woven in the depths of the earth. Your eyes saw my unformed substance in your book were written, every one of them, the days that were formed for me, when as yet there was none of them".

Due to this I am certain for me to not take part of these vaccines as it would be participating in murder, no matter how remote, which is forbidden in the Ten Commandments (Exodus 20:13) Doing so would be violating my faith and relationship with Jesus and would also my belief that receiving a COVID vaccine would be defiling my body with the down-stream products of work produces using fetal cells, as well as additional harmful ingredients.

I have prayed about this choice and considered all options. I must remain true to my conviction and beliefs and can't take the vaccine.

Please reconsider your previous denial of my religious exemption as this is my true and sincere belief from Allcare Health's COVID Vaccine mandate.

I have been an exemplary employee and am known not only here in the Rogue Valley but all around our state. I was previously awarded The Governor's Award for my work in the community and held a seat in the Governor's Commission on Senior Services.

Thank you again for your consideration,

# EXHIBIT "E"

## Joy Kilishek

| | |
|---|---|
| **From:** | Joy Kilishek |
| **Sent:** | Friday, September 17, 2021 9:18 AM |
| **To:** | 'rjam1052@msn.com' |
| **Subject:** | FW: CONFIDENTIAL: Accommodation-Medical 2 (KILISHEK) |

**From:** Joy Kilishek
**Sent:** Tuesday, September 14, 2021 11:57 AM
**To:** Sandy Pennell <Sandy.Pennell@allcarehealth.com>
**Cc:** Regina Castellon <Regina.Castellon@allcarehealth.com>
**Subject:** RE: CONFIDENTIAL: Accommodation-Medical 2 (KILISHEK)

Thank you.  Can you please tell me the status of my religious exemption.
Joy

**From:** Sandy Pennell
**Sent:** Tuesday, September 14, 2021 11:55 AM
**To:** Joy Kilishek <Joy.Kilishek@allcarehealth.com>
**Cc:** Regina Castellon <Regina.Castellon@allcarehealth.com>
**Subject:** CONFIDENTIAL: Accommodation-Medical 2 (KILISHEK)

Joy,

Based on information provided to date, the medical reason(s) regarding why you cannot receive a COVID-19 vaccination requires additional documentation. Before a final decision is made, information from your provider specifically as it relates to your history of anaphylactic reactions related to the chemical components of the COVID-19 vaccine is required. Were the circumstances of your anaphylactic reactions specific to the COVID-19 vaccine? Alternatively, you may have an allergist provider complete the medical accommodation form.

If you have additional information, and would like to provide that to HR for review, please do so no later than Thursday, September 16, 2021. If additional information is not received by September 16, 2021, your request for accommodation stands denied.

Respectfully,

Sandy Pennell
Chief Human Resources Officer
Pronouns: She/Her/Hers

Phone +1 (541) 471-4106
Toll Free +1 (888) 460-0185
TTY/TDD +1 (800) 735-2900
Email **Sandy.Pennell@allcarehealth.com**

AllCare Health

www.allcarehealth.com

1

## Joy Kilishek

| | |
|---|---|
| **From:** | Joy Kilishek |
| **Sent:** | Tuesday, September 28, 2021 1:14 PM |
| **To:** | Sandy Pennell |
| **Cc:** | Regina Castellon |
| **Subject:** | RE: CONFIDENTIAL: Test Results for Medical Exemption (KILISHEK) |

Sandy and Regina,

Yes, this is an acceptable accommodation for my medical issues. I will be in contact with you by 5pm today.
Thank you
Joy

**From:** Sandy Pennell
**Sent:** Tuesday, September 28, 2021 10:06 AM
**To:** Joy Kilishek <Joy.Kilishek@allcarehealth.com>
**Cc:** Regina Castellon <Regina.Castellon@allcarehealth.com>
**Subject:** CONFIDENTIAL: Test Results for Medical Exemption (KILISHEK)
**Importance:** High

Joy,

Based on information provided to date, the medical reason(s) regarding why you cannot receive a COVID-19 vaccination are not substantiated. The documentation that you submitted are not medical reports or standardized lab results. We ask that you make an appointment with an allergist today (The appointment will likely have a future date.). AllCare will cover the cost for your visit to the allergist provider for costs otherwise not covered by your insurance. In the interim, and until you attend your appointment with an allergist, we will require weekly COVID-19 testing (starting 10/1/2021). Once you attend the allergist appointment, plan to provide a copy of the allergy report (signed by the allergist) and a completed/signed medical accommodation form stating that you are not a candidate for vaccination due to having one or both of the contraindications specified by the CDC.

If you are not willing to do this, your request stands denied. Please provide confirmation of your allergist appointment today (9/28/2021) by 5:00pm. If you do not follow up with me today and provide the allergist name and date of scheduled appointment, your request for accommodation stands denied.

Respectfully,

Sandy Pennell
Chief Human Resources Officer
Pronouns: She/Her/Hers

Phone +1 (541) 471-4106
Toll Free +1 (888) 460-0185
TTY/TDD +1 (800) 735-2900
Email Sandy.Pennell@allcarehealth.com

AllCare Health

www.allcarehealth.com

# EXHIBIT "F"

From: Sandy Pennell
Sent: Tuesday, September 21, 2021 11:11 AM
To: Joy Kilishek <Joy.Kilishek@allcarehealth.com>
Subject: Confidential Memorandum from Human Resources (KILISHEK)

## Human Resources Memorandum

DATE:        September 21, 2021

TO:          Joy Kilishek

FROM:        Sandy Pennell, Chief Human Resources Officer

SUBJECT:     Unvaccinated Status – Non-Compliance

Effective September 30, 2021, due to your unvaccinated status and non-compliance regarding the company's mandatory COVID-19 vaccination policy, we accept your voluntary resignation. At this time, AllCare Health will take steps to ensure continuity of business.

Unless you return the revised form with either a vaccination card or your stated intention to receive the COVID-19 vaccination, you are scheduled to be voluntarily terminated from your employment with AllCare Health and we may hire another person to replace you. The form and/or vaccination card must be submitted to Human Resources today by 5:00pm. Failure to respond to this letter will result in your voluntary termination on or before September 30, 2021.

AllCare Health reserves the right to pay you, in advance, through September 30, 2021. Upon voluntary termination you will not be permitted to be onsite at any AllCare Health location, your systems access will be removed, your final check will be either direct deposited or mailed along with your personal belongings to the address on file in Human Resources.

Send documentation to either Linda Wood, HR Director at linda.wood@allcarehealth.com and/or Regina Castellon, HR Manager at regina.castellon@allcarehealth.com.

Sandy Pennell
Chief Human Resources Officer
Pronouns: She/Her/Hers

Phone +1 (541) 471-4106
Toll Free +1 (888) 460-0185
TTY/TDD +1 (800) 735-2900
Email Sandy.Pennell@allcarehealth.com

AllCare Health

www.allcarehealth.com

*This transmission, together with any attachments, is intended only for the use of those to whom it is addressed and may contain information that is privileged, confidential, and exempt from*

## FW: Confidential Memorandum from Human Resources (KILISHEK)

**Joy Kilishek** <Joy.Kilishek@allcarehealth.com>
Mon 10/4/2021 8:59 AM
To: 'rjam1052@msn.com' <rjam1052@msn.com>

Joy Kilishek
Supervisor, Member Wellness Benefit Mgmt

Phone +1 (541) 471-4106
Toll Free +1 (888) 460-0185
TTY/TDD +1 (800) 735-2900
Email Joy.Kilishek@allcarehealth.com

AllCare Health

www.allcarehealth.com

*This transmission, together with any attachments, is intended only for the use of those to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any distribution or copying of this transmission is strictly prohibited. If you received this transmission in error, please notify the original sender immediately and delete this message, along with any attachments.*

**From:** Joy Kilishek
**Sent:** Tuesday, September 21, 2021 11:38 AM
**To:** Linda Wood <Linda.Wood@allcarehealth.com>; Regina Castellon <Regina.Castellon@allcarehealth.com>
**Cc:** 'rjam1052@msn.com' <rjam1052@msn.com>
**Subject:** FW: Confidential Memorandum from Human Resources (KILISHEK)

Hello,

I am responding to the email that I received from Sandy.

I am not voluntarily resigning from my position. I will continue to stand for my civil rights that AllCare Health denied not just once but multiple times. I had my physician submit to you a written letter, complete the accommodation forms and you denied this as well as my religious exemptions and appeals.

I love my job and my members and community partners value my assistance and knowledge.

Thank you,

Joy Kilishek

# EXHIBIT "G"



**CHRISTINA E. STEPHENSON**
Labor Commissioner

October 2, 2023

JOY R KILISHEK
C/O RAY HACKE, PACIFIC JUSTICE INSTITUTE
PO BOX 5229
SALEM, OR 97304

RE:    Complainant:    Joy R Kilishek
       Respondent:     Allcare Health, Inc.
       Case #:         EEEMRG221024-61951
       EEOC #:         38D-2023-00389

This letter is to inform you that the above-captioned complaint filed with the Civil Rights Division has been closed because the Complainant has withdrawn and informed us of intention to go to court.

NOTICE OF RIGHT TO FILE A CIVIL SUIT

This is your 90-day notice letter. Although this case has been closed, pursuant to ORS 659A.880, you, the Complainant, may file a civil action against the Respondent under ORS 659A.885 within 90 days after the date of mailing of this 90-day notice. Any right to bring a civil action against the Respondent under ORS 659A.885 will be lost if the civil action is not commenced within 90 days after the date of the mailing of this 90-day notice. *Note: If the complaint was a public accommodations case filed under ORS 659A.403 or 659A.406, the right to file suit in state circuit court expires <u>one year from the date of the alleged violation.</u>*

Further, if the Respondent is a public entity, to preserve the right to file a suit in state circuit court, the Complainant must also comply with the Oregon Tort Claims Act (ORS 30.260 to 30.300). Complainants interested in protecting these rights, should consult an attorney immediately regarding the requirements for filing. The Oregon State Bar referral number for Portland is 503-620-0222 or 800-452-7636.

If your case involves an Occupational Safety and Health Administration (OSHA) retaliation complaint, Complainants who choose to withdraw their case to federal or state court will forfeit their rights to appeal this Oregon Bureau of Labor and Industries determination with OSHA.

If you wish to receive a copy of this file, you may place a request for public records online through our website www.oregon.gov/boli/publicrecords, or by calling 971-245-3844. There is no fee to receive a copy.

Sincerely,
CIVIL RIGHTS DIVISION
Administrative Support Unit

**Date of Mailing**: October 2, 2023

Enclosure(s)
cc:    Ray D Hacke, Complainant's Attorney

   

## Civil Rights Division – Bureau of Labor & Industries
## Complaint Dismissal Memo

Complainant:      Joy R Kilishek
Respondent:       Allcare Health, Inc.
Case Number:      EEEMRG221024-61951
Date:             September 25, 2023
Investigator:     Michael Mohr

Complainant alleges discrimination based upon ADA Title I & Civil Rights Act Title VII in that she was not given her preferred accommodation or exemption from Covid-19 vaccination. Respondent provided a Statement of Position indicating that Complainant had not provided sufficient medical information to substantiate her request and she had been given adequate opportunity.

Complainant counsel requests withdrawal of the matter and issuance of a Notice of Right to Sue. No determination had been upon receipt of the request.

# EXHIBIT "H"

OCT 1

# Date Calculator: Add to or Subtract From a Date

Enter a start date and add or subtract any number of days, months, or years.

**Count Days**    **Add Days**    **Workdays**    **Add Workdays**    **Weekday**    **Week №**

Advertising

From **Monday, October 2, 2023**
Added 90 days

## Result: Sunday, December 31, 2023

**Calendar showing period from October 2, 2023 to December 31, 2023**

### October 2023
29 days added

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|-----|-----|-----|-----|-----|-----|-----|
| 1 | 2 | 3 | 4 | 5 | | |
| 8 | 9 | 10 | 11 | | | |
| 15 | 16 | 17 | 18 | | | |
| 22 | 23 | 24 | 25 | | | |
| 29 | 30 | 31 | | | | |

### November 2023
30 days added

| Sun | Mon | Tue | Wed | Thu |
|-----|-----|-----|-----|-----|
| | | | 1 | 2 |
| 5 | 6 | 7 | 8 | 9 |
| 12 | 13 | 14 | 15 | 16 |
| 19 | 20 | 21 | 22 | 23 |
| 26 | 27 | 28 | 29 | 30 |

### December 2023
31 days added

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|-----|-----|-----|-----|-----|-----|-----|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 31 | | | | | | |

☐ = Start date (Oct 2, 2023)    ☐ = Final result date (Dec 31, 2023)



**Time & Date Calculator App for iOS**

See how long remains before a deadline or exactly when those 30 days are up.





© Time and Date AS 1995–2023